UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
-------------------------------------------------------X
Alodia R. Ruiz, on behalf of herself        Civil Action No.
and all others similarly situated

                Plaintiffs,

                                     **CLASS ACTION**
                                     **COMPLAINT**
   v.

                                     **NO JURY TRIAL DEMANDED**

FMA Alliance, Ltd.

                Defendant.
-------------------------------------------------------X

Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint against Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

## INTRODUCTION

1. Alodia R. Ruiz ("Plaintiff"), on her own behalf and on behalf of the class she seeks to represent, bring this action to secure redress for the debt collection practices utilized by FMA Alliance, Ltd. ("FMA" or "Defendant") in connection with their attempts to collect alleged debts from herself and others similarly situated.

2. Plaintiff alleges that Defendant's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements made in connection with the collection of a debt; unfair

or unconscionable collection methods; and requires certain disclosures. *See* 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *See* <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-63 (2d Cir. 1993).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:

    i.   The acts giving rise to this lawsuit occurred within this District; and

    ii.  Defendant does business within this District.

## PARTIES

7. Plaintiff, Alodia R. Ruiz, is an individual natural person who at all relevant times resided in the City of Mount Vernon, County of Westchester, State of New York.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. FMA is a Limited Company with its principal place of business located at 12339 Cutten Road Houston TX 77066. FMA may be served with process through their registered agent, CT Corporation System, located at 111 Eighth Avenue New York, NY 10011.

10. The principal purpose of FMA is the collection of debts using the mail and telephone.

11. FMA regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. FMA is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

13. Sometime prior to January 1, 2017, Plaintiff allegedly incurred a financial obligation to Discover Bank (the "Debt").

14. The Debt arose out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family or household purposes, namely fees emanating from a personal credit card account in Plaintiff's name.

15. The Debt arose out of a credit card account which Plaintiff opened for her personal use.

16. Plaintiff's Discover Bank credit card account was neither opened nor used by Plaintiff for business purposes.

17. Plaintiff's personal credit card account Debt to Discover Bank is a "debt" as defined by 15 U.S.C. §1692a(5).

18. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the Debt.

19. Sometime prior to April 5, 2017, Plaintiff's Debt was "charged off" by Discover Bank.

20. On or before April 5, 2017, the Debt was referred by Discover Bank to FMA for the purpose of collections.

21. FMA contends that the Debt is past-due and in default.

22. At the time the Debt was referred to FMA, the Debt was past-due.

23. At the time the Debt was referred to FMA, the Debt was in default.

24. At the time the Debt was referred to FMA, the Debt had been "charged off" by Discover Bank.

25. At all times relevant hereto, FMA acted in an attempt to collect the Debt.

26. On or about April 5, 2017, FMA mailed or caused to be mailed a letter to Plaintiff. (Annexed and attached hereto as <u>Exhibit A</u> is a true copy of the letter dated April 5, 2017 sent by FMA to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect her privacy).

27. FMA mailed the letter dated April 5, 2017 attached as <u>Exhibit A</u> as a part of their efforts to collect the Debt.

28. Plaintiff received the letter attached as <u>Exhibit A</u> in the mail.

29. Plaintiff read the letter attached as <u>Exhibit A</u> upon receipt of the letter in the mail.

30. <u>Exhibit A</u> was sent in connection with the collection of the Debt.

31. <u>Exhibit A</u> seeks to collect the Debt.

32. <u>Exhibit A</u> conveyed information regarding the Debt including the Balance due, FMA File number, and a demand for payment.

33. The letter attached as <u>Exhibit A</u> is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

34. The letter attached as <u>Exhibit A</u> is the first written communication Plaintiff received from FMA.

35. The letter attached as <u>Exhibit A</u> is the first written communication FMA sent to Plaintiff regarding the Debt.

36. <u>Exhibit A</u> represents FMA's initial collection "communication" with Plaintiff as "communication" is defined by 15 U.S.C. §1692a(2).

37. The letter attached as <u>Exhibit A</u> states in relevant part:

> "Total Balance Due: $3684.33 as of 04/05/2017"

38. 04/05/2017 is "the date of the letter" attached as <u>Exhibit A</u>. As such, a reasonable and literal reading of the letter attached as <u>Exhibit A</u> is, "Total Balance due $3,684.33 as of 'the date of this letter.'"

39. No interest or expenses accrued or would ever accrue on the Debt after April 5, 2017, the date on which the charged off account was put out for collection by Discover Bank to FMA, and the date of the letter attached as <u>Exhibit A</u>.

40. Plaintiff, as would any least sophisticated consumer, incorrectly believed based on the language contained in <u>Exhibit A</u> stating that the Total Balance of $3,684.33 reflected the balance of the Debt *as of 04/05/2017* (Emphasis Added) – 04/05/2017 being <u>the date of the letter</u> attached as <u>Exhibit A</u> – that the Debt was in a dynamic state because the "as of 04/05/2017" language suggests that the amount of the Debt may be different at a later date.

41. <u>Exhibit A</u> is a computer-generated form letter.

42. FMA's debt collection practice is largely automated and utilizes standardized form letters.

43. On information and belief, the April 5, 2017 letter attached as <u>Exhibit A</u> is a mass-produced, computer generated form letter that is prepared by FMA and mailed to consumers in the State of New York, such as Plaintiff, from whom they are attempting to collect a debt.

44. Defendant used the same procedures it used in sending the letter attached as <u>Exhibit A</u> when sending the same and/or similar letters to other New York consumers.

CLAIMS FOR RELIEF

COUNT I

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

45. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

46. In sending the letter attached as <u>Exhibit A</u>, FMA violated 15 U.S.C. §§1692, 1692e(2)(A), and 1692(e)(10).

47. 15 U.S.C. §1692e provides:

**§1692e.       False or Misleading Representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of --

(A) the character, amount, or legal status of any debt;

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

48. District Courts within New York have recognized that collection letters violate §1692e, and §1692e(10) of the FDCPA when they contain language substantially similar to the language in <u>Exhibit A</u>, *i.e.,* "Total Balance Due...as of the "date of this letter", when interest and/or other expenses were <u>not in fact</u> accruing on the debt. *See, e.g.* <u>Islam v. American Recovery Service Incorporated</u>, 2017 WL 4990570 * 4 (E.D.N.Y Oct. 31, 2017) (Cogan, B.) ("The language in the collection <u>'as of the date of this letter'</u> (emphasis added) suggests that the debt is in a dynamic state – 'as of the date' suggests that on a different date, the amount of the debt may be different – and, of course, anyone would understand that it won't get any smaller without payment. But the undisputed fact is that, contrary to this suggestion, the amount of this debt will never be different, never

6

get greater. The debtor has therefore been subtly incentivized to pay now to avoid paying more later, when, in fact, there never would be 'more later.' Defendant receives money that it might not have received but for the language 'as of the date of this letter.' The debtor has thus been misled or deceived.")

49. FMA violated 15 U.S.C. §1692e(2)(A) because the letter attached as <u>Exhibit A</u> misrepresented the Debt's character (as dynamic), and misrepresented the Debt's legal status (implying the debt was accruing interest when in reality it was not).

50. FMA violated 15 U.S.C. §1692e(10) because <u>Exhibit A</u> is misleading and deceptive because the letter uses language which suggested that the Debt was in a dynamic state and that the amount of the Debt may be different on a later date, when in fact it would not. *See,* <u>Islam</u>, 2017 WL 4990570 at * 4.

51. The false representation is material because it could lead a least sophisticated consumer to pay the debt that they are led to believe is accruing interest, but actually is not, in lieu of another debt that they know is accruing interest at some lower rate. *See* <u>Avila v. Riexinger & Associates</u>, 817 F.3d 72 (2d Cir. 2016); *see also* <u>Islam</u>, 2017 WL 4990570 at * 4.

52. Plaintiff has alleged a particularized injury because the letter attached as <u>Exhibit A</u> was were mailed and directed to her.

53. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right under §1692e to be free from abusive debt communications and Defendant's violations of the FDCPA results in concrete harm to Plaintiff. *See* <u>Papetti v. Does 1-25</u>, 691 F. App'x 24 (2d Cir. 2017).

54. Be reason thereof, Defendant is liable to Plaintiff and the proposed class for judgment that Defendant's conduct violated 15 U.S.C. §1692e and for statutory damages, costs, and attorneys' fees pursuant to 15 U.S.C. §1692k.

## CLASS ALLEGATIONS

55. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

56. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

57. The class is initially defined as: (a) all individuals (b) with a New York address (c) who were sent letters or notices from FMA in a form materially identical or substantially similar to the letter attached as Exhibit A to the Complaint (d) concerning a debt owed to Discover Bank (e) which was not returned as undeliverable (f) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

58. The class definition above may be subsequently modified or refined.

59. The proposed class specifically excludes the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court.

60. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

i. **Numerosity**: Plaintiff is informed and believe and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Defendant's violations of the FDCPA involve a form collection letter. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e; (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

iii. **Typicality**: Plaintiff's claims are typical of those of the class they seek to represent. Plaintiff's claims and those of each class member originate from the same conduct, practice, and procedure, on the part of the Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and have suffered the same injuries as each other and each

class member. Plaintiff asserts identical claims and seeks identical relief on behalf of herself and the absent class members.

    iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Class and does not have any interest adverse to or which directly and irrevocably conflict with the interests of other members of the class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA class action litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

    v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

61. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting any individual member, and a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.

62. A class action is superior for the fair and efficient adjudication of this matter, in that:

   i.   Individual actions are not economically feasible;

   ii.  Members of the class are likely to be unaware of their rights;

   iii. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that FMA violated 15 U.S.C. §§1692e, 1692e(2)(A), and 1692e(10);

3. An award of statutory damages for Plaintiff, and the class pursuant to 15 U.S.C. §1692k;

4. Attorneys' fees, litigation expenses, and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
       January 22, 2018

**THE PLAINTIFF**

By: /s/ Ryan Gentile
_____
Ryan Gentile, Esq.
Law Offices of Gus Michael Farinella PC
*Attorney for Plaintiff*

11

110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (516) 326-2333
Fax: (516) 305-5566
rlg@lawgmf.com

**NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

The Law Offices of Gus Michael Farinella, PC

/s/ Ryan Gentile
By:_____
Ryan Gentile